Accepting this stipulation as an agreed statement of facts, I find and hold that United States value, as defined in section 402 (e) of the Tariff Act of 1930, as amended, is the proper basis for determination of value of the canned corned beef described in the invoices and entries covered by these appeals; and that, in reappraisement 278061–A, such value is $12.6733 per case of 48 tins, net packed, and, in reappraisement 278062–A, such value is $13.1433 per case of 48 tins, net packed.

Judgment will be entered accordingly.

(Reap. Dec. 9195)

MEIER & FRANK CO., INC. *v.* UNITED STATES

Entry No. 829, etc.

(Decided July 22, 1958)

*Lawrence & Tuttle* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the issues involved in the appeals for reappraisement set forth in Schedule A, hereto attached and made a part hereof, are the same in all material respects as the issue involved in *Meier & Frank Co. Inc.* v. *United States,* Reap. Dec. 9057.

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation of the merchandise involved, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States was the appraised values less the amount added under duress by reason of Section 489 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation the price at which such or similar merchandise was freely offered for sale in the principal markets of the country of exportation for home consumption therein was no higher.

IT IS FURTHER STIPULATED AND AGREED that the record in *Meier & Frank Co. Inc.* v. *United States,* Reap. Dec. 9057 be incorporated herein and the appeals for reappraisement set forth in Schedule A be submitted herewith.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for

the determination of the value of the merchandise here involved, and that such values were the appraised values, less the amount added under duress by reason of section 489 of the Tariff Act of 1930.

Judgment will be entered accordingly.

(Reap. Dec. 9196)

MEIER & FRANK CO., INC. *v.* UNITED STATES

Entry No. 1142, etc.

(Decided July 22, 1958)

*Lawrence & Tuttle* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the issues involved in the appeals for reappraisement set forth in Schedule A, hereto attached and made a part hereof, are the same in all material respects as the issue involved in *Meier & Frank Co. Inc.* v. *United States*, Reap. Dec. 9057.

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation of the merchandise involved, the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States was the appraised values less the amount added under duress by reason of Section 489 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation the price at which such or similar merchandise was freely offered for sale in the principal markets of the country of exportation for home consumption therein was no higher.

IT IS FURTHER STIPULATED AND AGREED that the record in *Meier & Frank Co. Inc.* v. *United States*, Reap. Dec. 9057 be incorporated herein and the appeals for reappraisement set forth in Schedule A be submitted herewith.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the appraised values, less the amount added under duress by reason of section 489 of the Tariff Act of 1930.

Judgment will be entered accordingly.